KLEES, Judge.
This appeal arises from the maintenance of defendant’s exception of lis pendens and the dismissal of plaintiff’s suit. Plaintiff, Amoco Production Company (Amoco), filed suit seeking a declaratory judgment and specific performance under two gas purchase contracts between itself and defendant, Texas Gas Transmission Corporation (TGT). Defendant filed an exception of lis pendens, arguing that it had already begun litigation on the same contracts before a Kentucky state court. The trial judge, finding that both suits involved the same cause of action, between the same parties in the same capacities, and had the same object, maintained defendant’s exception of lis pendens and dismissed plaintiff’s suit.
Defendant, TGT, filed a suit in Jefferson Circuit Court, Kentucky on June 3, 1985 *576 seeking relief, by way of a declaratory judgment, with respect to two gas purchase contracts, both dated March 28,1980, under which Amoco is the seller and TGT is the buyer. On July 23, 1985, Amoco instituted suit against TGT in the Civil District Court for the Parish of Orleans claiming relief with respect to the same gas purchase contracts. Amoco seeks specific performance or, alternatively, damages for breach of contract and a declaratory judgment. Both parties seek a determination of their rights and obligations under the two gas purchase contracts. Amoco answered and filed a counter-claim in the Kentucky litigation on July 24, 1985. The counter-claim prayed for the same relief sought by it in the suit filed in Civil District Court. On September 9,1985, TGT filed an exception of Lis Pendens in response to Amoco’s suit in the Civil District Court, praying that the proceedings in the Civil District Court be stayed under LA.C.C.P. art. 532 pending final disposition of the Kentucky action.
The trial court maintained the exception and dismissed Amoco’s petition, stating that “another action between the same parties, in the same capacities, on the same cause of action and having the same object was pending in another court.”
On appeal, Amoco argues that the trial court abused its discretion in maintaining the lis pendens exception and dismissing its petition. Amoco argues that the trial judge exceeded his authority in dismissing the action. They further argue that the trial judge has the discretion only to stay the action under Code of Civil Procedure article 532. They maintain that there is no evidence that the trial judge utilized his discretionary powers in maintaining defendant’s exception.
Code of Civil Procedure article 532 governs the use of lis pendens when a suit has been previously filed in a federal or foreign court. This article allows the trial judge to stay the proceedings in the Louisiana court until the pending action has been discontinued or a final judgment has been rendered.
The declinatory exception of lis pendens is also governed by Code of Civil Procedure articles 925 and 932. Article 925 simply states that lis pendens may be raised as a declinatory exception. Article 932 provides that if the grounds of objection raised by the declinatory exception cannot be removed or if not removed as ordered, then the court shall dismiss the action. Defendant, TGT, relies upon these articles in arguing that the trial judge acted within his authority in dismissing the action.
It is evident that a conflict exists in regards to the authority of a trial judge to dismiss an action on the basis of lis pen-dens when the first action is before a federal or foreign court. The comments under the articles in question assist in resolving the conflict. Comment (b) under Code of Civil Procedure article 925 states that one should look to articles 531 and 532 for an explanation of the function and scope of the objection of lis pendens. Article 531, which deals with the use of lis pendens when two or more suits have been filed in Louisiana courts, refers to C.C.P. article 932 and grants the trial judge the authority to dismiss all but the first action filed. Article 532 does not refer to, nor incorporates C.C.P. article 932. This obvious omission on the part of the Legislature clearly reflects an intent to limit the trial court’s discretionary powers. Further, Comment, (b) under C.C.P. article 532 states that the trial judge has the discretion to stay or not to stay the proceedings in the Louisiana case. Thus, it is evident that the Legislature intended to limit the trial court’s authority to a determination of whether to stay or not to stay Louisiana proceedings when a suit is pending in a federal or foreign court on the same cause of action, between the same parties in the same capacities, and having the same object. We conclude that dismissal of an action under Code of Civil Procedure article 932 is not applicable when an exception of lis pendens is maintained in accordance with C.C.P. article 532.
Thus, we conclude that the trial judge exceeded his authority in dismissing the Louisiana proceeding, and that the matter *577 should be stayed. Accordingly, for the reasons assigned the judgment of the trial court dismissing plaintiffs action is reversed and this matter is remanded to the trial court for action consistent with this opinion. Costs to await final disposition of this matter.
REVERSED AND REMANDED.