1 gDALEY, Judge.
This is an appeal from the granting of an Exception of Lis Pendens and subsequent dismissal of a third party demand. FACTS
The Home Indemnity Company (Home) issued a policy of commercial liability insurance to Samson Ocean Systems, Inc. (Samson). Samson is a manufacturer of nylon rope, which is distributed by Lowery Brothers Rigging Center, Inc. (Lowery Brothers). Lowery Brothers is named as an additional insured on the policy issued by Home to Samson.
The plaintiff, Eugene J. Baye, Jr., was assisting in the loading of a large electric transformer. The crane being used to lift the transformer involved the use of nylon rope manufactured by Samson and sold by Lowery Brothers to Baye’s employer, Louisiana Power & Light. The rope broke, and the transformer fell, injuring Baye.
|3Baye initially filed suit for damages in Civil District Court for the Parish of Orleans. Lowery Brothers answered the petition and Samson filed an Exception of Improper Venue. The case was subsequently transferred to the 24 th Judicial District Court for the Parish of Jefferson.
On May 26, 1998, Samson filed a Declaratory Judgment in the United States District Court for the Eastern District of Louisiana, asking the court to declare that there was no insurance coverage for Lowery Brothers in conjunction with the suit arising from Baye’s accident. On May 27, 1998, Lowery Brothers filed a Third Party Demand, seeking indemnification, attorneys’ fees, and penalties, in the existing suit in the 24 th Judicial District Court. Home filed an Exception of Lis Pendens, which was maintained by the trial court, dismissing the Third Party Demand with prejudice. The trial court’s granting of the Exception of Lis Pendens and the subsequent dismissal of the Third Party Demand form the basis of this appeal.
DISCUSSION
On appeal, Lowery Brothers argues the trial court erred in granting the Exception of Lis Pendens, claiming the Declaratory Judgment action seeks only a declaration that there is no insurance coverage for the claim of Baye, whereas the Third Party Demand filed by Lowery Brothers against Home seeks indemnification for any judgment rendered against Lowery Brothers, penalties and attorney’s fees. Appellant asserts that the trial court erroneously applied Louisiana Code of Civil Procedure article 531 instead of Louisiana Code of Civil Procedure article 532.
*149 Louisiana Code of Civil Procedure Article 531 reads:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does Lnot so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
Louisiana Code of Civil Procedure Article 532 reads:
Wdien a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same transaction or occurrence, between the same parties in the same capacities, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered.
In maintaining the Exception of Lis Pendens, the trial court dismissed the Third Party Demand under Louisiana Code of Civil Procedure article 531. This was incorrect. Comment (c) under article 531 states that this article applies only when the two suits are pending in Louisiana courts.
Article 532 applies when a prior filed suit is in federal court or a court in another state. The trial court’s authority under article 532 is limited to the discretion to Stay the state court proceedings when a suit is pending in federal court on the same cause of action, between the same parties in .the same capacity, and having the same object. Amoco Production Co. v. Texas Gas Transmission Corp., 487 So.2d 575 (La.App. 4th Cir.1986).
In the case before us, the Declaratory Judgment action was filed in federal court before the Third Party Demand was filed in state court. Hence, article 532 applies, and the trial court erred in dismissing the action. In this instance, the trial court only has the authority to make a determination of whether to Stay the state court proceedings. In determining whether or not to Stay the state court proceeding, the trial court must consider whether the pending federal action “has been discontinued or final judgment has been rendered.” In this matter, the federal court proceeding has been Stayed. The federal court has at least temporarily discontinued that proceeding finding that “all relevant parties and issues are before the state court,” and “the state | Bcourt has the authority to grant the relief sought by Home.” We note, however, that Home has filed a Motion to Lift the Stay in the federal court proceeding, which has been set for hearing. The record does not contain the outcome of that hearing.
For the foregoing reasons, the judgment dismissing Lowery Brother’s Third Party Demand is reversed and this matter is remanded for a hearing by the trial court to determine if a Stay is appropriate, given the status of the federal court proceeding.

REVERSED; MATTER REMANDED.