# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-685


**GULF COAST MINERAL, LLC**

**VERSUS**

**ROBERT GROTHAUS**


************

## APPEAL FROM THE
## SIXTEENTH JUDICIAL DISTRICT COURT
## PARISH OF IBERIA, NO. 113347-A
## GERARD B. WATTIGNY, DISTRICT JUDGE

************

## JAMES T. GENOVESE
## JUDGE

************

Court composed of Elizabeth A. Pickett, J. David Painter, and James T. Genovese, Judges.


**REVERSED AND REMANDED.**

Guy E. Wall
Wall, Bullington & Cook, LLC
540 Elmwood Park Blvd.
Harahan, Louisiana 70123
(504) 736-0347
COUNSEL FOR PLAINTIFF/APPELLANT:
     Gulf Coast Mineral, LLC

Joseph P. H. Babington
Helmsing, Leach, Herlong, Newman & Rouse
Post Office Box 2767
Mobile, Alabama 36652
(251) 432-5521
COUNSEL FOR DEFENDANT/APPELLEE:
     Robert Grothaus

**GENOVESE, Judge.**

In this possessory action, Plaintiff, Gulf Coast Mineral, LLC (Gulf Coast),

appeals the trial court's grant of a Motion to Dismiss filed on behalf of Defendant,

Robert Grothaus.  For the following reasons, we reverse and remand.

## FACTS

On December 18, 2008, Gulf Coast filed a Possessory Action against Mr.

Grothaus, a domiciliary of the state of Illinois.   Therein, Gulf Coast alleged the

following:

> 4.      Gulf Coast possess[es] for itself, and has lawfully possessed for itself for over a year, an undivided two percent interest in an oil and gas lease (the "Lease") dated May 6, 2003[,] granted by Louise Carpenter Aiken, et al, to Bayou Choctaw, Inc.[,] covering approximately 160 acres more or less in Section 28, T11S, R8E, Iberia Parish, Louisiana, which mineral lease was recorded at COB 1291, Entry No. 04-14004[,] of the public records of Iberia Parish, Louisiana.
>
> 5.      At various times from on or about March 2008 through September 2008, while Gulf Coast was in possession of its interest in the Lease and had been in possession of it for over a year, Grothaus disturbed Gulf Coast's possession by asserting ownership of the a [sic] portion of Gulf Coast's interest in the Lease.

On January 14, 2009, in response thereto, Mr. Grothaus filed a Motion to

Dismiss, seeking a dismissal of the possessory action "pursuant to Article 531 of the

Louisiana Code of Civil Procedure."[1]   In support thereof, the Motion to Dismiss

---

[1]The Motion to Dismiss cites La.Code Civ.P. art. 531, which provides as follows:

> When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925.  When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

However, this article is not applicable in this case because the two lawsuits in question are not both "pending in a Louisiana court or courts[.]"  The relevant and applicable article in this case is La.Code Civ.P. art. 532 which governs the situation when there is a suit pending in Louisiana simultaneously with a suit pending either in a federal court or a court of another state.  Said article, which forms the basis for our decision herein, is discussed in detail later in this opinion.

contains the following assertions:

1. Gulf Coast Mineral, L.L.C., filed the instant action on December 18, 2008, seeking to have this Court determine the respective ownership interests in the commonly called "Carpenter Well" located in Iberia Parish, Louisiana.

2. Almost four months prior, on August 22, 2008, Gary and Patricia Billingsley, the members of Gulf Coast Mineral, L.L.C., filed a complaint against Robert Grothaus in the Circuit Court of Baldwin County, Alabama; said case styled as "Patricia Billingsley and Gary Billingsley v. Robert Grothaus, CV-08-900920."

3. On September 30, 2008, three months before the instant case was filed, Robert Grothaus answered the Billingsleys' complaint and filed counter-claims against the Billingsleys and third-party claims against Gulf Coast Mineral, L.L.C.

4. The third-party claims filed against Gulf Coast Mineral, L.L.C., by Grothaus in the Alabama action, assert that Robert Grothaus owns a working interest in the Carpenter Well, seek a judgment recognizing that working interest, and demand an accounting and payment of royalties from the Carpenter Well. . . . Gulf Cost Mineral, L.L.C., answered the third-party claims against it on October 29, 2008.

Attached to Mr. Grothaus's Motion to Dismiss were the pleadings referenced therein which were filed in the Circuit Court of Baldwin County, Alabama. Again relying on La.Code Civ.P. art. 531, his Motion to Dismiss further alleges that:

The third-party claims against Gulf Coast Mineral, L.L.C., were brought in Alabama well before this case was filed in Louisiana, and concerns the same facts and claims as the instant case, namely an adjudication of the parties' respective ownership interests in the Carpenter Well. Therefore, the instant case is due to be dismissed to allow the previously filed Alabama case to proceed to adjudication on the merits.

Finally, Mr. Grothaus's Motion to Dismiss avers that "[b]ecause all of the elements of *res judicata* are met and the Alabama case was the first filed, the instant litigation is due to be dismissed."

Notably, paragraph ten of Mr. Grothaus's Motion to Dismiss expressly states that he "does not request a hearing on this Motion to Dismiss." The trial court signed

2

an Order on January 20, 2009, dismissing Gulf Coast's possessory action, with prejudice.

On February 4, 2009, Gulf Coast filed a rule entitled "Plaintiff's Rule to Show Cause on Defendant's Motion to Dismiss." Therein, it asserted that Mr. Grothaus's ex parte Motion to Dismiss was not filed in accordance with the uniform district court rules. Further, Gulf Coast's rule to show cause alleged that:

> Defendant contends that its claim in a lawsuit in Alabama to title to Louisiana immovable property (an oil and gas lease) should prevent this possessory action from proceeding. But the Alabama court ruled that it did not have subject matter jurisdiction to try title to Louisiana immovable property and dismissed defendant's claim.

Attached to the rule to show cause was a January 13, 2009 order signed by the Baldwin County circuit judge dismissing the counterclaims filed by Mr. Grothaus in the Alabama proceeding. The trial court set a hearing date of April 1, 2009, on Plaintiff's Rule to Show Cause on Defendant's Motion to Dismiss ordering Mr. Grothaus to show cause "why his [M]otion to [D]ismiss should not be denied."

On February 6, 2009, Mr. Grothaus filed a pleading entitled "Response to Plaintiff's Request to Set Hearing and Show Cause" which asserted, among other things, that Gulf Coast "mischaracterize[d] the nature of Grothaus'[s] claims against it." Specifically, as to the claims asserted by him, Mr. Grothaus stated:

> Grothaus is not seeking to execute, attach or gain any direct possessory interest in the Carpenter Well. Rather, Grothaus is seeking a judicial determination from the Alabama Circuit Court that Grothaus purchased a one percent working interest in the Carpenter Well from the Plaintiff in 2006. Alternatively, Grothaus is seeking a judicial determination from the Alabama Circuit Court recognizing that he has an indirect interest, through agreements reached with the Plaintiff, in the proceeds received by the Plaintiff from the Carpenter Well. Grothaus is also seeking an accounting from the Plaintiff regarding the Carpenter Well.
>
> 3.    The dispute between the parties thus centers on their contractual relationship. None of the parties is a citizen of the state of Louisiana;

3

and all of them are already parties to a case pending in Baldwin County, Alabama. Any money gained by Grothaus in the course of this action will flow from the Plaintiff to Grothaus, and not from the Carpenter Well directly. Likewise, any future royalty payments will flow from the Carpenter Well to the Plaintiff and then to Grothaus, and not from the Carpenter Well directly.

4. There is no need for a hearing on Grothaus'[s] motion to dismiss. The facts and law are clear and were set out in Grothaus'[s] motion. This Court's determination that the instant case should be dismissed and the Alabama case be allowed to continue was correct in light of the facts and the law. The parties to the instant case are already involved in an identical lawsuit in Alabama and that court can determine the rights of the parties with respect to the contract between them. As set forth in Grothaus'[s] Motion to Dismiss, any ruling by the Alabama court will satisfy the elements of *res judicata* and preclude further action. The elements of Article 531 of the Louisiana Code of Civil Procedure have been met and the instant case is due to be dismissed.

5. While the Alabama action has been dismissed, Grothaus is requesting that the Alabama Court reconsider its ruling that it does not have subject matter jurisdiction to hear the case and requests that this court not reverse its decision until the Alabama court has heard Grothaus'[s] motion to reconsider so as to avoid both cases being reinstated.

On February 17, 2009, Gulf Coast filed a pleading entitled "Plaintiff's Motion to Vacate or, Alternatively, For Reconsideration or New Trial, Memo in Support and Rule to Show Cause." In filing this motion, Gulf Coast sought to vacate the January 20, 2009 Order of the trial court which dismissed its claims, with prejudice, without a contradictory hearing.

However, the record reveals, and the parties do not now dispute, that the January 20, 2009 Order dismissing the action in the Sixteenth Judicial District Court was inadvertently signed by the "duty judge" under the mistaken belief that it was a consent order. To rectify the error, in lieu of signing the order presented in connection with Gulf Coast's motion of February 17, 2009, the "duty judge" signed an order on February 17, 2009, entitled "Order Vacating [the] January 20, 2009 Order" thereby annulling the January order which dismissed the lawsuit.

4

Mr. Grothaus's Motion to Dismiss was heard by the trial court on April 1, 2009. The trial court orally granted the Motion to Dismiss and signed a judgment to that effect on April 6, 2009. It is from this judgment that Gulf Coast appeals.

## ASSIGNMENTS OF ERROR

Gulf Coast assigns the following as errors of the trial court:

1.   The district court erred in dismissing this possessory action in favor of a title claim in an Alabama state court because only a Louisiana court can determine possession of Louisiana immovable property.

2.   The judgment should be reversed because the district court misapplied the law and relied upon manifestly erroneous facts in dismissing the possessory action.

## LAW AND DISCUSSION

In its first assignment of error, Gulf Coast asserts that "only a Louisiana court can determine possession of Louisiana immovable property." Gulf Coast argues in brief that "Louisiana courts have exclusive jurisdiction over title and possession of immovable property in Louisiana and . . . a Louisiana court may not dismiss a possessory action concerning Louisiana immovable property so that an Alabama state court can decide whether it will hear a claim of title to the same property."

In response, Mr. Grothaus agrees with the proposition that "a mineral right is immovable real property under Louisiana law." However, he argues that he "is not attempting to assert a direct claim on any mineral right." In his words, "[a]t its core, [his] claims against Gulf Coast Mineral are contract claims, nothing more or less." Distinguishing the present action from the jurisprudence relied upon by Gulf Coast, Mr. Grothaus explains as follows:

> In the instant case, and as stated above, the agreement between Grothaus and Gulf Coast Mineral deals only with the payment of money from Gulf Coast Mineral to Grothaus. The agreement between Gulf

5

Coast Mineral and Grothaus does not affect the title to or sale of real property in Louisiana. It deals only with what money, if any, Gulf Coast Mineral is contractually obligated to pay to Grothaus.

Mr. Grothaus, therefore, concludes that the trial court did not error in dismissing the possessory action and in allowing the suit to continue in the Alabama state court.

The arguments of both parties sound in subject matter jurisdiction, as they focus on the nature of the claim asserted in a particular tribunal. However, considering the record of these proceedings, and the procedural history involving two suits in different states, we find these arguments to be misplaced. The confusion which arose at the trial court level is further evidenced by the oral reasons for ruling wherein the trial court stated: "So this court finds that the appropriate forum under the conflict of interest laws and judicial efficiency would best be served by the Alabama court continuing this matter."

The Motion to Dismiss did not raise the issue of subject matter jurisdiction. The substance of the motion also did not necessitate the application of "conflict of interest laws." These issues were not before the trial court, nor are they properly before this court. We, therefore, pretermit any discussion on the nature of the claims asserted, and we make no findings herein relative to whether the Sixteenth Judicial District Court or the Circuit Court of Baldwin County, Alabama, has subject matter jurisdiction over the present claims.

The second assignment of error presented by Gulf Coast asserts a misapplication of the law by the trial court. For the reasons that follow, we find merit in this contention.

As set forth in detail above, when Mr. Grothaus's Motion to Dismiss was filed in the trial court, the motion expressly cited La.Code Civ.P. art. 531. However,

6

La.Code Civ.P. art. 531 was not the controlling legal authority since said article governs "[w]hen two are more suits are pending in a Louisiana court or courts. . . ." Due to his reliance on the provisions of La.Code Civ.P. art. 531, and the relief provided thereunder, Mr. Grothaus sought a *dismissal* of the pending claims in Louisiana. Consequently, the parties argued to the trial court the appropriateness, *vel non*, of its dismissal of the action pending in the Sixteenth Judicial District Court in Louisiana. Ultimately, and apparently for reasons other than those argued by the parties, the trial court granted the motion and dismissed Gulf Coast's possessory action. We find, however, that in so doing, the trial court misapplied the law.

Considering the procedural posture of the claims asserted by the parties, including the institution of suit in the state of Alabama and the simultaneous filing of suit in Louisiana, the instant matter is governed by La.Code Civ.P. art. 532 (emphasis added) which provides as follows:

> When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same transaction or occurrence, between the same parties in the same capacities, on motion of the defendant or on its own motion, *the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered.*

The sole authority granted to a trial court by the provisions of La.Code Civ.P. art. 532 is to *stay* the proceedings. Unlike La.Code Civ.P. art 531, dismissal of the second suit is not relief which can be granted under La.Code Civ.P. art 532.

The fifth circuit, in *Baye v. Samson Ocean Systems, Inc.*, 99-38 (La.App. 5 Cir. 4/27/99), 734 So.2d 147, considered a trial court's dismissal of a suit in a state district court pursuant to La.Code Civ.P. art. 531 in light of pending litigation in federal court. Recognizing that La.Code Civ.P. art. 531 was inapplicable, the fifth circuit reasoned as follows:

7

[Louisiana Code of Civil Procedure] Article 532 applies when a prior filed suit is in federal court or a court in another state. The trial court's authority under article 532 is limited to the discretion to [s]tay the state court proceedings when a suit is pending in federal court [or in another Louisiana state court] on the same cause of action, between the same parties in the same capacity, and having the same object. *Amoco Production Co. v. Texas Gas Transmission Corp.*, 487 So.2d 575 (La.App. 4th Cir.1986).

Applying La.Code Civ.P. art. 532, the fifth circuit reasoned that since the federal action was the first to be filed, "the trial court erred in dismissing the action. In this instance, the trial court only has the authority to make a determination of whether to [s]tay the state court proceedings." *Baye*, 734 So.2d at 149. The fifth circuit, therefore, reversed the trial court's dismissal of the state court suit and "remanded for a hearing by the trial court to determine if a [s]tay [was] appropriate." *Id.*

In the instant matter, based upon the record of these proceedings, and considering the relief afforded by La.Code Civ.P. art. 532, we find that the trial court exceeded its authority in granting Mr. Grothaus's Motion to Dismiss, thereby dismissing Gulf Coast's possessory action in the Sixteenth Judicial District Court. Without deciding whether the requirements of La.Code Civ.P. art. 532 are met, we remand this matter to the trial court for consideration of same, after which, in its discretion, it "may stay all proceedings" if appropriate, after due consideration of the status of the litigation filed in the Circuit Court of Baldwin County, Alabama.

## DECREE

For the foregoing reasons, the judgment of the trial court granting Robert Grothaus's Motion to Dismiss, thereby dismissing the claims of Gulf Coast Mineral, LLC is reversed, and this matter is remanded to the trial court for further action consistent with this opinion. Costs of this appeal are assessed to Robert Grothaus.

**REVERSED AND REMANDED**.